IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM C. MARTIN,               }
                                 }
    Plaintiff,                   }
                                 }     CIVIL ACTION NO.
v.                               }
                                 }     95-AR-0387-S
CITY OF BIRMINGHAM,              }
                                 }
    Defendant.                   }

FILED
00 JAN 31 PM 3:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 31 2000

## MEMORANDUM OPINION

Although plaintiff, William C. Martin ("Martin"), has requested an evidentiary hearing and oral argument on his application for attorneys fees and expenses as against defendant, City of Birmingham ("City"), the court is reluctant to start a routine practice of permitting lawyers to cross-examine other lawyers with respect to time reasonably spent on litigated matters and with respect to opinions as to what constitutes a reasonable hourly rate for the particular attorney. The same can be said of the City's request for limited discovery on the subject. The court prefers to use its own judgment based on what it has before it and what it knows from experience. The assessing of fees is complicated, time consuming, and difficult enough without inviting nit-picking from the parties. Warfare over fees is always unpleasant, if no longer unusual. In this case the court feels quite comfortable in making the findings of those facts pertinent

1



to the assessment of plaintiff's fees and expenses, using the affidavits filed by both parties, and using the court's personal knowledge of (1) the case itself, (2) the quality of the lawyering, and (3) what are generally considered to be reasonable hourly rates for lawyer's services in this kind of case in the Northern District of Alabama. Furthermore, a hearing would only add to the number of hours spent by the prevailing plaintiff's lawyers.

### Facts Pertinent to Plaintiff's Application for Attorneys Fees and Expenses

The court makes the following findings of fact:

1. Plaintiff is the prevailing party. He received his lost back pay and benefits. He was returned to his job with a permanent agreement that he will never again be under the supervision of Victor Baugh, the supervisor who verbally abused him. He also received an eloquent public apology from counsel for the City during his closing argument to the jury. Although the said apology may have been no more than a tactical move by the City to "keep the lid on," it also may have been the sweetest part of Martin's victory, coming as it did after the constant and strenuous resistance the City had put up. Last, but not least, the City has waived its right to appeal as to all issues except Martin's present request for attorneys fees and expenses, as to which City only contests amount and not entitlement.

2. The expenses incurred by Martin's counsel in the amount of

$7,347.64 were necessary and are reasonable in amount.

    3.  The number of hours which Martin's counsel spent, and which are reflected in their affidavits, are reasonable and were necessarily spent.  Plaintiff's counsel have conceded the time they spent pursuing their unsuccessful petition to the Supreme Court of the United States.  The said lawyer hours reasonably and necessarily spent are as follows:

        Clay Ragsdale:   586.7 hours

        William Dawson:  162.2 hours

        Gayle Gear:      118.7 hours

This large expenditure of lawyer time was to a considerable degree occasioned by the vigor of the City's defense.  All of Martin's counsel performed at a high level, reflecting both their dedication to his cause and their considerable talent and experience.

    4. Considering the experience and the expertise of each of plaintiff's lawyers, a reasonable hourly rate for Ragsdale was $280, for Dawson was $300, and for Gear was $250.

    5.  There are several factors in this case that call for a fee enhancement of 15%.  Very important is the fact that five years elapsed between the filing of suit and the recovery of any money advanced by counsel and any compensation for services rendered.  Another pertinent fact is the very considerable risk involved in undertaking this case in the first place against a formidable,

well-financed, and intractable opponent. Last but not least is the fact that the undertaking was a difficult one. This is proven, if not by anything else, by the fact that the proceeding was interrupted by Victor Baugh's seeking and obtaining qualified immunity.

## Conclusions of Law

The court still has jurisdiction over the case for the limited purpose of establishing and reducing to judgment a reasonable attorneys fee and expenses in favor of the party who prevailed, as Martin has done in this action brought under 42 U.S.C. § 1983. See 42 U.S.C. § 1988.

The City has conspicuously failed to respond to this court's order of January 12, 2000, insofar as that order required the City, if it wished to respond to Martin's petition for attorneys fees, to "express its position on the question of whether the amount of fees paid to the attorneys who appeared for the defendant is relevant to the determination of the fee to be awarded to the prevailing plaintiff." The court will assume that the City's failure to respond to its order in this indicates nothing. The court does not find that the City's excessive expenditure in defending this case is a truly relevant fact. The only relevance of the fact that the City paid only one of its lawyers over one million dollars is that it tends to reinforce the court's conclusion that Martin's counsel necessarily spent the time they say they did. The time spent by

plaintiff's counsel is, or should be, a mirror image of the time spent by defense lawyers. This court cannot control what the City spent on its lawyers. It necessarily controls what the City has to spend on prevailing plaintiff's lawyers.

Based on the pertinent facts as above found, the court concludes that the proper amount of expenses and attorney's fees to be awarded to plaintiff is $287,452.44, which is computed as follows:

|  |  |  |
|---|---|---|
| Ragsdale: | 586.7 x 280 = | $164,276.00 |
| Dawson: | 162.2 x 300 = | 48,660.00 |
| Gear: | 118.7 x 250 - | 29,675.00 |
|  |  | $242,611.00 |
|  | Expenses | 7,347.64 |
|  |  | $249,958.64 |
|  | plus 15% | 37,493.50 |
|  | Total | $287,452.44 |

An appropriate separate order will be entered.

DONE this 31st day of January, 2000.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE